UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pablito Vega, Jr., | Case No. 23-cv-124 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota DEED Commissioner, | |
| Defendant. | |

This matter is before the Court on Defendant Minnesota DEED Commissioner's ("the Commissioner") Letter to the Court (Dkt. 7) and Plaintiff Pablito Vega, Jr.'s ("Plaintiff") Letter to the Court (Dkt. 9). For the reasons stated below, the Court finds that Plaintiff has not properly effectuated service of the Summons and Complaint on the Commissioner and orders Plaintiff to do so on or before April 17, 2023, failing which the Court will recommend dismissal for failure to prosecute.

Plaintiff filed this action on January 17, 2023 asserting claims under 42 U.S.C. § 1983 and naming "Minnesota DEED Commissioner" as the only defendant. (Dkt. 1 at 1.)[1] Based on the Court's review of the Complaint, Plaintiff has sued "Minnesota DEED Commissioner" in the Commissioner's official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("The amended complaint does not specify in what capacity the law enforcement defendants are being sued. . . . This court

---

1  Unless stated otherwise, references to page citations refer to the CM/ECF pagination.

has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Accordingly, Plaintiff's lawsuit "is not a suit against the official but rather is a suit against the official's office," and "no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).

The parties dispute whether Plaintiff has properly effected service of the Summons and Complaint on the Commissioner. Both parties assume that Federal Rule of Civil Procedure 4(j) applies. (*See* Dkt. 5 at 2 (referencing Rule "4(j)2(B)"); Dkt. 6 at 2 (same); Dkt. 7 at 2 ("In order to serve the Commissioner in his official capacity, a plaintiff must follow Fed. R. Civ. P. 4(j)(2)."); Dkt. 9 (stating that "Pablito Vega properly followed procedure noted at Federal Rule of Civil Procedure 4(j)2(B)").) For purposes of the parties' dispute, the Court does the same.[2] Under Federal Rule of Civil Procedure 4(j)(2),

---

[2] As another district court in the Eighth Circuit has noted:

> Federal Rule of Civil Procedure 4 does not specify the appropriate method of serving public employees in their official capacities. "Some courts have held that service of process for public employees sued in their official capacity is also governed by the rule applicable to serving individuals," but other "courts have held that state officers sued in their official capacities must be served in accordance with Rule 4(j)." 4B Wright & Miller, Federal Practice & Procedure § 1109. *Compare Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (secretary of state sued in official capacity should be considered a state government entity to be served under Rule 4(j)), *with Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003) (service of process for state employees sued in their official capacities in federal court is governed by Rule 4(e), the federal rule applicable to serving individuals). The Court is not aware that the Eighth Circuit has addressed this issue.

2

"[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer;" or "(B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B).  To properly serve the State of Minnesota, Minnesota law requires service on "the attorney general, a deputy attorney general, or an assistant attorney general."  Minn. R. Civ. P. 4.03(d).  A notice and request for waiver of service must be made in accordance with Minnesota Rule of Civil Procedure 4.05(a), which requires among other things, that the notice and request "be accompanied by a copy of the complaint, two copies of Form 22B or a substantially similar form, and a prepaid means for returning a signed copy of the form," *see* Minn. R. Civ. P. 4.05(a), and the defendant's consent, *see id.* 4.05(c).

Here, the Proofs of Service filed by Plaintiff state that he "will serve the SUMMONS and Proof of Service to the DEED CEO & his counsel via snail mail"

---

For purposes of the instant motion, the Court will assume that Rule 4(j) applies because the parties' arguments address that rule. The Court need not decide whether Rule 4(e) or Rule 4(j) establishes the method for serving public employees sued in their official capacities, because plaintiff here failed to achieve effective service of process on Jakob and Maloy under either rule as a result of the December 19, 2018 service.

*Cheeks v. Belmar*, 331 F.R.D. 499, 505 (E.D. Mo. 2019) (footnotes omitted).

Similar to the *Cheeks* court, this Court need not address this issue because there is no evidence (or argument) that Plaintiff has served the Commissioner in a manner that complies with Federal Rule of Civil Procedure 4(e), and as explained in this Order, Plaintiff has not complied with Federal Rule of Civil Procedure 4(j).

3

according to Federal Rule of Civil Procedure 4(j)(2)(B) and Minnesota "Rule 5. Service and Filing of Pleadings and Other Documents, 5.02 Service; How Made." (Dkt. 5 at 2; Dkt. 6 at 2.)

According to a letter filed by an Assistant Attorney General in the Minnesota Attorney General's Office ("AGO"):

> On January 20 and/or 23, 2023, AGO staff forwarded to me a copy of the documents received in the above-entitled case. My review of the documents indicates that the documents were received by FedEx and that they were not personally served on an attorney in the AGO. The FedEx envelope contains a stamp indicating that they were likely received at a security desk located near the lobby of the building where many AGO staff work. Another stamp indicates that AGO clerical staff likely received the envelope from building security staff before routing it to me.
>
> The documents in the envelope included a copy of a complaint, a summons naming "Minnesota DEED Commissioner," and a proof of service form dated January 18, 2023. The documents did not include a form related to waiving service or accepting service by mail. The enclosed proof of service form resembles the form filed as Doc. 6 in this case. The form appears to state that Pablito Vega received a summons for the Minnesota Attorney General on January 18, 2023. But it does not demonstrate that he ever personally served the summons or complaint. Rather he crossed off the service provisions and wrote "N/A" in numerous places on the form.

(Dkt. 7 at 1.)

The Assistant Attorney General "verified with the assigned AGO staff that the AGO had never been personally served with the pleadings in this case" and "[s]taff verified for [the Assistant Attorney General] that the only pleadings in this case were received by mail on January 20, 2023." (*Id.*) Consequently, the Assistant Attorney General argues that Plaintiff has not properly served the Summons on the Commissioner because Plaintiff has not complied with Fed. R. Civ. P. 4(j)(2) or Minnesota Rule of Civil

4

Procedure 4.03(d), nor did Plaintiff ask for (or the Commissioner agree to) waiver of service pursuant to Minnesota Rule of Civil Procedure 4.05. (*Id.* at 2.)

Plaintiff responded in a letter filed February 14, 2023 that service was properly effectuated on the Commissioner in accordance with Federal Rule of Civil Procedure 4(j)(2)(B) and Minnesota Rule of Civil Procedure 5(a) because he mailed the Summons and Complaint to the AGO, that he is not permitted to serve the Summons and Complaint under the Rules, that he should not have to incur the expense of retaining a process server, and that a process server likely would not be permitted into the AGO facility. (Dkt. 9 at 1-3.) Plaintiff further states "[t]he FEDEx service did not include the form related to waiving service or accepting service by mail because such was going to be refused anyway . . . ." (*Id.* at 2.)

Plaintiff's argument that he properly served the Summons and Complaint because he complied with Minnesota Rule of Civil Procedure 5.02 is unpersuasive. As the Minnesota Supreme Court has explained with respect to the Minnesota Rules of Civil Procedure, those "Rules set up a bifurcated system for service that contemplates different requirements for service of a summons under Rule 4.03, and for all other service under Rule 5.02." *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 475 (Minn. 2013). "Under Rule 4, the summons or other process is the document that invokes the jurisdiction of the court, compelling the defendant to appear," while "**Rule 5 applies only to service of documents after an action has been initiated**." *Id.* (emphasis added). In other words, Plaintiff must serve the Summons and Complaint on the Commissioner in a manner that complies with Federal Rule of Civil Procedure 4(j)(2) and, if he chooses to rely on Rule

5

4(j)(2)(B), by "serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant," that is, Minnesota Rule of Civil Procedure 4.  Plaintiff cannot rely on Minnesota Rule of Civil Procedure 5.02 because that Rule does not apply to a Summons and Complaint.  *See id.*  Here, Plaintiff does not dispute that he attempted to serve the Summons and Complaint by "FEDEx Service" and admits that he did not seek waiver of service.  (*See, generally*, Dkt. 9.)  Consequently, Plaintiff has not properly effectuated service of the Summons and Complaint on the Commissioner.  Federal Rule of Civil Procedure 4(m) provides a time limit to serve a Summons and Complaint of 90 days after filing of the Complaint.  Fed. R. Civ. P. 4(m)  As Plaintiff filed the Complaint on January 17, 2023 (Dkt. 1), Plaintiff has until April 17, 2023 to properly effectuate service of the Summons or Complaint on the Commissioner, or otherwise meet the requirements of Rule 4(m).  If Plaintiff fails to do so, the Court will recommend dismissal without prejudice for failure to prosecute.  *See id.*

## ORDER

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff must serve the Summons and Complaint on the Commissioner in a manner that complies with Federal Rule of Civil Procedure 4 and Minnesota Rule of Civil Procedure 4.03.

2. If Plaintiff fails to effectuate service of the Summons and Complaint on the Commissioner within 90 days after he filed the Complaint, that is, on or before **April 17,**

**2023**, or otherwise comply with Federal Rule of Civil Procedure 4(m), the Court will recommend dismissal for failure to prosecute.

DATED: March 1, 2023     *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge