UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PABLITO VEGA, JR.,                          Case No. 23-CV-0124 (PJS/ECW)

         Plaintiff,

v.                                                                       ORDER

MINNESOTA DEED COMMISSIONER,

         Defendant.

Pablito Vega, Jr., plaintiff, pro se.

Kelly S. Kemp, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant.

This matter is before the Court on the motion of the Commissioner of the Minnesota Department of Employment and Economic Development ("DEED") to dismiss the complaint of plaintiff Pablito Vega, Jr. pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Rule 12(b)(1) motion and dismisses the complaint for lack of jurisdiction.

Vega applied for pandemic unemployment assistance ("PUA") benefits through DEED in December 2020. *See* Compl. 1, ECF No. 1. DEED denied Vega's application in January 2021, apparently because DEED concluded that the documentation that Vega had submitted was not sufficient to establish his entitlement to benefits. *See* Compl. 1–2; *see also Vega v. Dep't of Emp't & Econ. Dev.*, A21-1657, 2022 WL 2913655, at *1 (Minn. Ct.

App. July 25, 2022).[1]  Vega filed an administrative appeal, and after first scheduling a hearing on the appeal for April 2021, DEED abruptly canceled the hearing and rescheduled it for a later date.  *See* Compl. 1–2; *Vega*, 2022 WL 2913655, at *1.  DEED eventually held the hearing and affirmed the denial of Vega's PUA application.  Vega appealed DEED's decision to the Minnesota Court of Appeals, which affirmed.  *See* Compl. 1; *Vega*, 2022 WL 2913655, at *3.

Vega subsequently commenced this action against the Commissioner under 42 U.S.C. § 1983, alleging broadly that DEED violated his constitutional right to due process by incorrectly denying his PUA application, by rescheduling the April 2021 hearing, and by conspiring to deny his PUA application on account of his ethnicity.  *See* Compl. 1–2, 7, 10.  Vega seeks $83,100 in PUA benefits that he alleges were improperly denied, along with additional damages to compensate him for his aggravation and frustration.  *See* Compl. 10.

---

[1] In ruling on a motion to dismiss, a court may consider documents embraced by the complaint and matters of public record.  *See Zean v. Fairview Health Servs.*, 838 F.3d 520, 526 (8th Cir. 2017).  The decision of the Minnesota Court of Appeals affirming DEED's decision to deny PUA benefits to Vega checks both boxes:  The decision is a matter of public record, and Vega cites the decision in his complaint.  *See* Compl. 1.  Moreover, when (as here) a court is deciding whether it has subject-matter jurisdiction, the court may look to "matters outside the pleadings, such as testimony and affidavits."  *See Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015) (quoting *Menchacha v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

The Commissioner's primary argument for dismissal is that Vega's suit is barred by the Eleventh Amendment, which generally deprives federal courts of jurisdiction to hear lawsuits against states or their agencies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). The Eleventh Amendment also bars claims seeking damages from state officials sued in their official capacities, because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (cleaned up).[2] Claims for damages against state officials sued in their *individual* capacities are permissible, but the Eighth Circuit has been clear that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted). Vega's complaint does not "expressly and unambiguously" state that he is suing the Commissioner in his individual capacity; instead, the complaint is silent as to whether Vega is bringing an individual- or official-capacity claim. Moreover, Vega's briefing indicates that he is bringing an official-capacity claim—i.e., a

---

[2] Under *Ex Parte Young*, 209 U.S. 123 (1908), federal courts have jurisdiction over official-capacity claims that seek declaratory or injunctive relief to end a continuing violation of federal law. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996). Vega, however, has only sought money damages. S*ee* Compl. 10.

claim against the Commissioner "in his capacity as the DEED administrator who is responsible for the conduct of DEED Staffers . . . ." *See* Mot. Deny Resp't Mot. Dismiss 2, ECF No. 22. Thus, the Court must deem Vega to be bringing an official-capacity claim, and the Court must dismiss that claim under the Eleventh Amendment.

The Commissioner also argues that Vega's claim should be dismissed on *Rooker-Feldman*[3] and *res judicata* grounds. Given that Vega's claim must be dismissed for lack of jurisdiction under the Eleventh Amendment, the Court need not (indeed, cannot) address the Commissioner's additional arguments for dismissal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 16] is GRANTED; and

2. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 7, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court

---

[3]*See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).